# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| CORNER POST, INC; NORTH DAKOTA RETAIL ASSOCIATION, & NORTH DAKOTA PETROLEUM MARKETERS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,<br><br>Defendant. | Case No. 1:21-cv-95-DMT-CRH |

## JOINT MOTION FOR A SCHEDULING ORDER

Plaintiff Corner Post, Inc. and Defendant Board of Governors of the Federal Reserve System jointly move for a scheduling order.

1. On July 1, 2024, the Supreme Court reversed the judgment of the U.S. Court of Appeals for the Eighth Circuit that affirmed this Court's dismissal of Plaintiffs' amended complaint. *See Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440 (2024). On August 21, 2024, the Eighth Circuit remanded this case to this Court consistent with the Supreme Court's decision. *See NRDA v. Bd. of Governors of Fed. Rsrv. Sys.*, 2024 WL 3885655 (8th Cir.).

2. On August 22, 2024, this Court scheduled a status conference for September 20, 2024, "to discuss the status of this case and to chart a course going forward." Doc. 38.

3. The parties have conferred about a proposed schedule and have agreed on the following:

   a. Corner Post shall file its motion for summary judgment no later than November 15, 2024.

b. The Board shall file its cross-motion for summary judgment and opposition to Corner Post's motion no later than January 10, 2025.

c. Corner Post shall file its combined reply in support of its motion for summary judgment and opposition to the Board's cross-motion no later than February 7, 2025.

d. The Board shall file its reply in support of its cross-motion no later than February 28, 2025.

4. The parties further agree and ask the Court to order that the Board's obligations to file an answer to Corner Post's amended complaint and the administrative record be deferred pending further action by the Court or the parties. Given the nature of Corner Post's claims, the parties currently do not believe that the administrative record is needed to resolve those claims. To the extent that either party later believes that the record or excerpts thereof are necessary to the resolution of this action, and that the dispositive briefing schedule requires adjustment as a result, the parties will meet and confer on the issue and propose their position on any such adjustment to the Court.

5. The parties further agree that Plaintiffs, North Dakota Retail Association and North Dakota Petroleum Marketers Associations, should be terminated from the action.

Dated: September 19, 2024

/s/ *Joshua P. Chadwick*
Joshua P. Chadwick, Senior Special Counsel
Yvonne F. Mizusawa, Senior Counsel
Yonatan Gelblum, Senior Counsel
Board of Governors of the Federal Reserve System
20th Street & Constitution Avenue, N.W.
Washington, D.C. 20551
joshua.p.chadwick@frb.gov
(202) 263-4835

*Counsel for Defendant*

Respectfully Submitted,

/s/ *Tyler R. Green*
Tyler R. Green (pro hac vice)
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Bryan Weir (pro hac vice)
Frank H. Chang
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
bryan@consovoymccarthy.com
frank@consovoymccarthy.com

Scott K. Porsborg
SMITH PORSBORG SCHWEIGERT ARMSTRONG MOLDENHAUER & SMITH
P.O. Box 460
122 East Broadway
Bismarck, ND 58502
(701) 258-0630
sporsborg@smithporsborg.com

*Counsel for Plaintiffs*