IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CORNER POST, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF GOVERNORS OF <br> THE FEDERAL RESERVE SYSTEM, <br><br> Defendant. | Case No. 1:21-cv-00095-DMT-CRH |

**DEFENDANT BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND JUDGMENT**

The Board of Governors of the Federal Reserve System ("Board") respectfully moves pursuant to Federal Rule of Civil Procedure 59(e) for an order amending the Court's judgment (ECF No. 80) to clarify that only the debit card interchange fee standards of Regulation II, 12 C.F.R. § 235.3(b), are vacated (subject to stay pending the resolution of any appeal to the United States Court of Appeals for the Eighth Circuit). The interchange fee standards in 12 C.F.R. § 235.3(b) are the only provision of the broader Regulation II placed at issue by the complaint and by Plaintiff's motion for summary judgment. Accordingly, the other provisions of Regulation II should stand despite the Court's ruling.

This suit sought to challenge the validity and obtain vacatur of the interchange fee standards established by the Board in Regulation II. *See* Am. Compl. at 37 (prayer for relief). Plaintiff subsequently moved for summary judgment, again explaining that the relief it sought was for the Court to "hold unlawful the debit-card *fee standard*" and to "'set aside' the debit-card *fee standard*." Mot'n at 1 (emphases added). Following briefing by the parties that focused

solely on the validity of the interchange fee standards in 12 C.F.R. § 235.3(b), the Court granted Plaintiff's motion, Op. at 1.  The Court's ruling recognized that "Corner Post requests the Court vacate Regulation II's *fee standard*," *id.* at 14 (emphasis added), and its opinion focused solely on the validity of the interchange fee standards in 12 C.F.R. § 235.3(b), *id.* at 14-43.

Nonetheless, the relief the Court granted after holding the interchange fee standards invalid was to "vacate Regulation II, 76 Fed. Reg. 43,394 (July 20, 2011)," rather than vacating just the interchange fee standards, *id.* at 44, which relief is substantially broader in scope than the relief sought by Plaintiff.  The cited agency action adopting Regulation II, Debit Card Interchange Fees and Routing, 76 Fed. Reg. 43,394 (July 20, 2011), implemented several statutory provisions in addition to the interchange fee standards, and these generally function as standalone rules implementing portions of the Durbin Amendment to the Dodd-Frank Act unchallenged by Plaintiff.  For example, the Board adopted rules governing such matters as the routing of debit card transactions, *id.* § 235.7, 76 Fed. Reg. at 43,468, as well as reporting requirements.  *Id.* § 235.8, 76 Fed. Reg. at 43,468.  The routing provisions of 12 C.F.R. § 235.7, which implement paragraph (b)(1) of the Durbin Amendment, 15 U.S.C. § 1693*o*–2(b)(1), are of particular significance because they are designed to give merchants the choice between multiple unaffiliated payment card networks when routing debit card transactions for processing, thus encouraging networks to compete for merchants' transactions volumes, including by lowering interchange fees.  *See, e.g.*, Debit Card Interchange Fees and Routing, 87 Fed. Reg. 61,217 (Oct. 11, 2022) (assessing impact of network competition).  But they do not depend on, and are independent of, the interchange fee standards.

Though the Court's judgment appears to vacate the agency's broader action *in toto*, Plaintiff did not challenge provisions other than Regulation II's interchange fee standards and

Plaintiff's motion did not seek to have these provisions vacated. Moreover, the Court did not make any findings that these other provisions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" such that they may be "set aside" under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 706(2).

Under these circumstances, relief is appropriate under Rule 59(e), which permits the Court "to correct" any "mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Multiple courts have held that a judgment that misconstrues the relief a party seeks or deals with an issue that the parties did not have an opportunity to address may be the proper subject of a Rule 59 motion. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) *(*"A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."), *cited by Merry Maids, L.P. v. WWJD Enters., Inc.*, No. 8:06CV36, 2006 WL 2040245, at *1 (D. Neb. July 20, 2006); *All W. Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) *(*"Appropriate grounds for a motion to reconsider include the obvious misapprehension by the court of a party's position, the facts, or the law; or a mistaken decision by the court of issues outside those presented for determination."); *accord Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 195 (1st Cir. 2004) (relief under Rule 59(e) was appropriate to address an issue that had not actually been considered by the district court); *Western Wood Preservers Institute v. McHugh*, 292 F.R.D. 145, 149-150 (D.D.C. 2013) (relief under Rule 59(e) was appropriate where the district court had misconstrued a plaintiff's claim); *cf. Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 907 (5th Cir.

3

2016) (abuse of discretion for district court not to grant motion for reconsideration based on new evidence relevant to issue addressed by the court sua sponte without prior notice to the parties).

Here, the Court granted relief that the Plaintiff had not requested by vacating the entire Board action adopting Regulation II rather than just the interchange fee standards, without giving the parties prior notice that it might do so and without the issue having been placed in controversy or addressed by the parties. Moreover, by vacating various provisions of Regulation II unrelated to the interchange fee standards without having found that the APA's criteria for vacatur applied to them, the judgment would be legally erroneous if not amended. Under these circumstances, it is appropriate to amend the judgment pursuant to Rule 59(e) to clarify that it only applies to the debt card interchange fee standards codified at 12 C.F.R. § 235.3(b).[1]

The Board therefore respectfully requests that the judgment be amended. A proposed judgment is attached.

---

[1] This is the approach followed by the district court in the earlier NACS litigation challenging distinct portions of Regulation II. *See NACS v. Bd. of Governors of Fed. Reserve Sys.*, 958 F. Supp. 2d 85, 115 (D.D.C. 2013) (stating in relevant part that "the Court will vacate *the interchange transaction fee (12 C.F.R. § 235.3(b))* . . . ." (emphasis added)).

Dated: September 3, 2025

Respectfully submitted,

/s/ Joshua P. Chadwick
Joshua P. Chadwick
Assistant General Counsel
Yvonne F. Mizusawa
Senior Counsel
Yonatan Gelblum
Senior Counsel
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
joshua.p.chadwick@frb.gov
(202) 263-4835

*Attorneys for the Board of Governors of the Federal Reserve System*